**WO**                                                                                    LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nick Mones, | ) | No. CV 05-3915-PHX-MHM (CRP) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Maricopa County Sheriff's Office, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Lower Buckeye Jail in Phoenix, Arizona.  The Court will require Defendant Arpaio to answer Counts II and III of the Complaint, and will dismiss the Maricopa County Sheriff's Office and Count I.

**A.      Application to Proceed _In Forma Pauperis_ & Filing Fee**

Plaintiff's request to proceed _in forma pauperis_ will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $16.84 (based on an average monthly

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1   deposit of $84.20) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate
2   order, the Court will direct the appropriate agency to collect the initial partial filing fee from
3   Plaintiff's trust account and forward it to the Clerk of Court.

4          Plaintiff will be obligated for monthly payments of 20 percent of the preceding
5   month's income credited to Plaintiff's trust account.  The Court will direct the appropriate
6   agency to collect these monthly payments, which will be forwarded to the Clerk of Court
7   each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
8   28 U.S.C. § 1915(b)(2).  Plaintiff should take notice that if he is released before the filing fee
9   is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of
10  the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days
11  of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in
12  writing, why he is unable to pay the remainder of the filing fee.

13  **B.     Statutory Screening of Prisoner Complaints**

14         The Court is required to screen complaints brought by prisoners seeking relief against
15  a governmental entity or officer or employee of a governmental entity.   28 U.S.C.
16  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
17  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
18  may be granted, or that seek monetary relief from a defendant who is immune from such
19  relief.  28 U.S.C. § 1915A(b)(1), (2).

20  **C.     Complaint**

21         At the outset, Plaintiff cannot sue the Maricopa County Sheriff's Office.  In Arizona,
22  the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
23  See A.R.S. § 11-441(A)(5); A.R.S. § 31-101.  A sheriff's office is simply an administrative
24  creation of the county sheriff to allow him to carry out his statutory duties, and not a
25  "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's
26  Office will be dismissed from this action.

27         The remaining Defendant is Maricopa County Sheriff Joseph M. Arpaio, who Plaintiff
28  alleges oversees the jails in an inhumane manner.  In Counts II and III, Plaintiff contends that

1    the jails are unsanitary and overcrowded.  These allegations adequately state a claim, and the

2    Court will require Defendant Arpaio to answer Counts II and II of the Complaint.

3           Defendant Arpaio, however, will not be required to answer Count I.  In Count I,

4    Plaintiff alleges that when he complained about the conditions, a detention officer accused

5    him of being a problem inmate and threatened to put the entire pod on lockdown.  Plaintiff

6    was also threatened with the loss of privileges.  To state a valid constitutional claim, a

7    plaintiff must allege that he suffered specific injury as a result of the specific conduct of a

8    defendant, and show an affirmative link between the injury and the conduct of the defendant.

9    Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  This claim is in no way alleged to be

10   connected to Defendant Arpaio, and it is not a reasonable inference from the allegations in

11   the Complaint that in the Defendant's role of overseeing the jails, he has a policy of allowing

12   this type of retaliation.  Consequently, the Court will dismiss this claim without prejudice.

13   **D.    Rule 41 Cautionary Notice**

14          Plaintiff should take notice that if he fails to timely comply with every provision of

15   this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

16   41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

17   61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

18   Court), cert. denied, 506 U.S. 915 (1992).

19   **IT IS THEREFORE ORDERED THAT:**

20          (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28

21   U.S.C. § 1915(a)(1).

22          (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  An

23   initial partial filing fee in the amount of $16.84 is assessed.  All fees shall be collected and

24   paid in accordance with this Court's Order to the appropriate government agency filed

25   concurrently herewith.

26          (3)  Count I is dismissed without prejudice.  The Maricopa County Sheriff's Office

27   is dismissed with prejudice.  The Clerk of Court shall send Plaintiff a service packet

28

including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be

1    taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

2    Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

3    (8) **A Defendant who agrees to waive service of the Summons and Complaint**

4    **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

5    (9) Defendant shall answer the Complaint or otherwise respond by appropriate

6    motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

7    Rules of Civil Procedure.

8    (10) Any answer or responsive pleading shall state the specific Defendant(s) by name

9    on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other

10    motion or paper that does not identify the specific Defendant(s) by name on whose behalf

11    it is filed.

12    (11) Plaintiff shall serve upon Defendant, or if appearance has been entered by

13    counsel, upon counsel, a copy of every further pleading or other document submitted for

14    consideration by the Court. Plaintiff shall include with the original document and copy, to

15    be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

16    the pleading or document was mailed to Defendant or counsel. Any paper received by a

17    District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

18    may be disregarded by the Court.

19    (12) At all times during the pendency of this action, Plaintiff shall immediately advise

20    the Court and the United States Marshal of any change of address and its effective date.

21    Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall

22    contain only information pertaining to the change of address and its effective date. Plaintiff

23    shall serve a copy of the notice on all opposing parties. The notice shall not include any

24    motions for any other relief. Failure to file a Notice of Change of Address may result in the

25    dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

26    of Civil Procedure.

27    (13) A clear, legible copy of every pleading or other document filed shall accompany

28    each original pleading or other document filed with the Clerk for use by the District Judge

1   or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

2   may result in the pleading or document being stricken without further notice to Plaintiff.

3        (14)  This matter is referred to Magistrate Judge Charles R. Pyle under Local Rules

4   of Civil Procedure 72.1 and 72.2 for further proceedings.

5        DATED this 28th day of April, 2006.

6

7

8   _____

9               Mary H. Murguia
            United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28